IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PRENTIS W. GOODWIN AND
KIM A. GOODWIN                                                                                  PLAINTIFFS

V.                                                                                          NO. 3:19CV102-M-P

GUARANTY BANK AND TRUST COMPANY                                                   DEFENDANT

### ORDER

Presently before the Court is a motion to compel arbitration and dismiss complaint filed by Defendant Guaranty Bank and Trust Company (hereinafter "Guaranty"). Plaintiffs Prentis W. Goodwin and Kim A. Goodwin (hereinafter "Goodwins") have responded to the motion, and Guaranty has filed a reply. The Court, having considered the memoranda and submissions of the parties, is now prepared to rule.

**Factual and Procedural History**

In 2008, the Goodwins borrowed money from Guaranty. In 2012, this loan was refinanced and extended by Guaranty. As part of the 2012 loan transaction, the Goodwins signed an agreement (hereinafter "Agreement") with Guaranty which contained an arbitration clause. On May 15, 2019, the Goodwins initiated the present civil action against Guaranty asserting claims of defamation as well as intentional and negligent infliction of emotional distress. The Goodwins claim Guaranty breached legal duties by reporting an alleged unpaid debt stemming from the aforementioned loan between the Goodwins and Guaranty. Guaranty argues that the Goodwins' claims in this action are arbitrable under the Agreement, and thus moves for the case to be dismissed. The Goodwins, on the other hand, deny that the dispute is within the scope of the Agreement.

**Standard**

"[A]rbitration is a matter of contract," and courts must "rigorously enforce arbitration agreements according to their terms." *Hendricks v. UBS Fin. Servs.*, Inc., 546 Fed.Appx. 514, 517-18 (5th Cir. 2013) (quoting *Am. Exp. Co. v. Italian Colors Rest.*, 133 S.Ct. 2304, 2309 (2013) (citation and internal quotation marks omitted)). Arbitration may be compelled only if the parties agreed to arbitrate the issue at hand. *See* 9 U.S.C. § 4; *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 66-67 (2010); *VT Halter Marine, Inc. v. Wartsila N. Am., Inc.*, 511 Fed.Appx. 358, 360 (5th Cir. 2013) (per curiam) (citation omitted).

The first step for the Court is to assess "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Pers. Sec. & Safety Sys. Inc. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir. 2002) (citation and internal quotation marks omitted). The Court then examines "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002) (citation omitted).

**Analysis**

**A. Arbitration Agreement**

The merits of the Goodwins' claims against Guaranty are not before the Court. Rather, the Court addresses the validity of the Agreement's arbitration clause and delegation clause. Before analyzing the Agreement, the Court will discuss the federal policy regarding arbitration.

The Federal Arbitration Act provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid,

> irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (1947). The statute represents a "liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Phillips v. Bestway Rental, Inc.*, No. 4:12CV48, 2013 WL 832306, at *2 (N.D. Miss. Mar. 6, 2013), aff'd, 542 F. App'x 410 (5th Cir. 2013) (per curiam) (quoting *Moses H. Cone Meml. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983)). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Phillips*, 2013 WL 832306, at *2 (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4)).

The Agreement between the parties contains the following arbitration clause:

> Any Claim between Borrower and Lender or between Borrower and any other Covered Persons shall be resolved, upon the unilateral or joint election of Borrower or Lender or such other Covered Persons, by BINDING ARBITRATION, as herein provided. [Doc. 14-1, p. 10]

The definition of a "Claim" subject to arbitration includes:

> any claim, counterclaim, third party claim, cross-claim, dispute or controversy (whether in contract, tort or otherwise, whether pre-existing, present or future, and including statutory, common law, intentional and equitable claims), arising from or relating to any matter, including, but not limited to, this Agreement, the Transaction, any past, present or future interactions, business or dealings or interactions between the parties… [Doc. 14-1, p. 10]

The Goodwins do not dispute that they willingly entered into and signed the Agreement with Guaranty. Thus, the Court finds that there is a valid agreement to arbitrate between the parties. Nevertheless, there remains the issue regarding the scope of the arbitration clause. The Goodwins deny that their claims are subject to arbitration, while Guaranty argues the opposite.

The Agreement's delegation clause, however, assigns authority to the arbitrator to decide disputes as to the scope of the arbitration clause and what claims are covered by it. Specifically, the delegation clause states the following:

> Any dispute regarding whether a particular controversy is subject to arbitration, including any claim of unconscionability and any dispute over the scope or validity of this Agreement or of the Transaction, shall be decided by the arbitrator(s). [Doc. 14-1, p. 10]

For good measure, the Agreement also expressly incorporates the American Arbitration Association ("AAA") rules.

The United States Supreme Court has held that delegation clauses are enforceable and there is no "wholly groundless" exception to their enforceability. *Henry Schein, Inc. v. Archer and White Sales, Inc.*, 139 S.Ct. 524, 531 (2019). Moreover, the AAA rules provide that arbitrators decide arbitrability disputes. *Id*. at 528. Guaranty argues that the delegation clause provides for the arbitrator to decide the dispute as to the scope of the Agreement. The Goodwins now concede that the gateway issue of arbitrability must be decided by the arbitrator. Both parties agreed, through the delegation clause, to arbitrate "whether a particular controversy is subject to arbitration, including . . . any dispute over the scope . . . of this Agreement." [Doc. 14-1, p. 10] Thus, the Court finds that there is a valid agreement to arbitrate the dispute over the Agreement's scope. Further, the Court finds that there are no legal constraints external to the Agreement to prevent arbitration of this issue. Therefore, Guaranty's motion to compel arbitration will be granted. The scope of the Agreement as to the Goodwins' claims need not be evaluated here; that is for the arbitrator to decide.

### B. Status of Action Pending Arbitration

The sole issue remaining before the Court is whether to stay the case pending arbitration or dismiss. In making such a decision, district courts are granted discretion. *Phillips*, 2013 WL

832306, at *4 (citing *Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 676 (5th Cir. 1999). The Fifth Circuit has endorsed staying actions pending arbitration where motions to compel arbitration have been granted. *See e.g. Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 639 (5th Cir. 2017). *See also Green Tree Servicing, L.L.C. v. Dove*, 701 F. App'x 385, 386 (5th Cir. 2017). The Court will stay this action and allow the arbitrator to decide whether the Goodwins' claims are arbitrable. Moving this case to arbitration will allow for an expeditious ruling as to the scope of the Agreement without unnecessary involvement by the courts.

**Conclusion**

In light of the foregoing, it is ordered that Guaranty's motion to compel arbitration is GRANTED. The motion to dismiss is DENIED. This case is hereby stayed pending a ruling on arbitrability from the arbitrator. Should the arbitrator conclude that this case is not arbitrable, the stay will be lifted, and litigation will resume in this Court.

**SO ORDERED**, this, the 25th day of November 2019.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**